**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

Argued November 30, 2012
Decided December 10, 2012

*Before*

WILLIAM J. BAUER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 11-3095

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States |
| *Plaintiff-Appellee,* | District Court for the Northern |
| | District of Illinois, Eastern Division. |
| v. | No. 09 CR 996 |
| AHSAN MOINUDDIN, | |
| *Defendant-Appellant.* | Charles R. Norgle, |
| | *Judge.* |

**O R D E R**

In May 2011, Ahsan Moinuddin pled guilty to wire fraud and aggravated identity theft. The district court sentenced him on September 8, 2011, to 37 months' imprisonment on the wire fraud count, and a consecutive 24 month sentence for the aggravated identity theft. He now appeals that sentence, arguing that he was denied his right to counsel at the sentencing hearing on September 8, 2011, in that the court refused his request to substitute new counsel.

The Sixth Amendment to the United States Constitution grants to a defendant the right to the assistance of counsel, and that includes the right to counsel of one's choice.

*United States v. Sellers*, 645 F.3d 830, 834 (7th Cir. 2011).  That does not mean that a court commits reversible error if it refuses any and all requests for new counsel.  A court "retains wide latitude to balance the right to choice of counsel against the needs of fairness to the litigants and against the demands of its calendar."  *Id.*  "'Only an unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay' violates the Sixth Amendment right."  *Id.*, quoting *United States v. Carrera*, 259 F.3d 818, 825 (7th Cir. 2001); *United States v. Gaya*, 647 F.3d 634, 636 (7th Cir. 2011).

Moinuddin's request for new counsel came at the sentencing hearing on September 8, 2011.  At that point, the sentencing date had already been continued two times by agreement of counsel.  The plea had been entered on May 6, 2011, and the sentencing hearing had originally been scheduled for August 15, 2011.  On September 2, 2011, Moinuddin's court-appointed counsel, Keri Ambrosio, filed a sentencing memorandum on his behalf objecting to a sentencing guidelines' calculation.

When the case was called for the sentencing hearing, Ambrosio informed the court that Moinuddin was not yet present, and that Moinuddin had indicated that when he arrived he would need a few minutes of her time.  The court then passed the case.  When the case was called for the second time, the district court judge began by asking Ambrosio whether the court had given her enough time to confer with her client.  She indicated that she had sufficient time to confer, and then informed the court that "[a]fter I believe two years of representing Mr. Moinuddin, Mr. Moinuddin told me he is speaking to another attorney later today who apparently is not able to be here because he is golfing right now." Sentencing Hearing of 9/8/11 Transcript at 3.  The district court inquired whether Ambrosio was court-appointed or retained, and she indicated that she was court-appointed counsel for Moinuddin.  *Id.*  The district court then gave Moinuddin an opportunity under oath to tell the court whatever he wanted to say.  Moinuddin responded "I just need proper counsel, sir."  *Id.*  The court inquired as to whether Moinuddin wanted to say anything else stating "[i]f you are not going to say anything else, Miss Ambrosio will stay in the case.  Say whatever you feel you want to say."  *Id.*  Moinuddin requested that the judge repeat that, and the judge responded "No."  *Id.* at 3-4.  Moinuddin then declared: "I believe Mr. Pernelli would be able to represent me much better, your Honor, and get me true justice."  *Id.* at 4. At that time, the court denied Moinuddin's motion to continue the sentencing to employ private counsel, and proceeded with the sentencing hearing.

On appeal, Moinuddin argues that the court abused its discretion in refusing to continue the case to allow him to retain new counsel.  Although the court's colloquy with Moinuddin was more truncated than is desirable, the court provided Moinuddin with a sufficient opportunity to explain the basis for his request for a continuance, and the court's

denial does not reflect an "unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay" which would require reversal.

First, there is no indication that Moinuddin had any justifiable request for a delay. The court initially gave Moinuddin an open-ended opportunity to explain what he wanted, asking him "What is it that you want to say?"  Moinuddin replied merely by stating that he just needed proper counsel.  The court then indicated that Ambrosio would stay on the case if Moinuddin was not going to say anything else.  Although the court refused to repeat that statement, there is no reason to think that Moinuddin did not in fact hear it or at least understand what was requested of him, because Moinuddin proceeded to answer, this time by stating that he believed Mr. Pernelli would be able to represent him better and obtain true justice.  Nothing in that colloquy suggested that there had been any communication breakdown between Moinuddin and Ambrosio, nor was there any indication that Moinuddin wanted Ambrosio to pursue avenues of relief that she was unwilling to pursue. In fact, Moinuddin expressed no desire to withdraw his plea or otherwise alter any of the choices made in the two years that Ambrosio had represented him.  On the date of the sentencing hearing, for the first time, Moinuddin requested a continuance to obtain representation by Mr. Pernelli based only on a generalized notion that representation by him would get him true justice.  Therefore, Moinuddin had offered no concrete basis for desiring alternate counsel at this late stage; there was in short no "justifiable request" for the delay.

In addition, the timing of the request presented problems that might not be insurmountable in a case of a breakdown in communications, but weighed against the request where no reason for it was given.  The request was made at the sentencing hearing, in which both parties had submitted briefing and were prepared to proceed with their arguments and any witnesses.  In fact, the government had informed the court prior the commencement of the sentencing hearing that a victim-witness would testify at the hearing that day.

Significantly, there was no reason to believe that a delay would be fruitful.  The alternate counsel, Pernelli, did not appear at the sentencing hearing, and Moinuddin's attorney stated that Moinuddin explained that Pernelli could not appear because he was golfing.  That suggests that Moinuddin had not met with and retained Pernelli at that point in time.  The district court was not required to grant a continuance to allow Moinuddin to explore other representation when there was four months between the plea and the sentencing hearing and he had not explored it in that time.  If Moinuddin had in fact met with Pernelli and secured Pernelli as his attorney - - his attorney at oral argument could not tell us whether he had or had not - - then the situation is even more bleak, because the

reason Pernelli could not appear that day was because he was golfing.  The court certainly is not required to continue a case to accommodate a new counsel's golf game.  In short, Moinuddin presented no reason for desiring a substitution of counsel at this late date.  Although he had been represented by appointed counsel for two years, he claimed to want to retain counsel, but that counsel was not in court and had no acceptable reason for his absence.  Moreover, Moinuddin articulated no problem with the representation by his current counsel.  Although we would prefer that the district court had obtained more details, the court had sufficient facts before it to deny the request for the continuance.  We find no abuse of discretion.  The decision of the district court is AFFIRMED.